In the Matter of the Claim of JOHN KINDLICK, Respondent, v. NASSAU SMELTING & REFINING COMPANY, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 28, 1964.

*John M. Cullen* and *George J. Barbero* for appellant.

*Benjamin Grossman* for claimant-respondent.

*Joseph Dean Edwards* for Nassau Smelting & Refining Company, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J.   The claimant commenced working for the employer in 1933, operating a machine which separated copper wire from lead.   In 1938 and again in 1939 medical examinations revealed that the claimant was subject to lead absorption and a company doctor prescribed pills and other treatment and recommended that claimant's job be changed so as to eliminate contact with lead.   Thereafter he was given a job as handyman. The record, in our opinion, amply sustains the board's finding of lead poisoning causally related to his employment and occupational in nature.

The board originally determined the date of disablement as of July 10, 1939.   Upon appeal to this court (12 A D 2d 4) that determination was reversed on the sole ground that '' he lost no wages, and it is clear that the statute imposes the test on disablement from occupational diseases, that the employee be ' disabled from earning full wages (Workmen's Compensation Law, § 37; *Matter of Muniak* v. *ACF Inds.*, 7 A D 2d 258).'' Upon remittal the board found the date of disablement to be March 1, 1951 and charged liability against the self-insured employer.   Subsequently on July 23, 1963 the board, after considering the Court of Appeals decision in *Matter of Ryciak* v. *Eastern Precision Resistor* (12 N Y 2d 29) — which held that the board may fix the date of disablement at a time prior to loss of wages — reverted to its original determination and again established the date of disablement as of July 10, 1939.

In our original decision we stated: '' It could be found that claimant was then [July 10, 1939] suffering from lead poisoning contracted in the employment ''.   We now determine that the date of disablement established by the board of July 10, 1939 to be supported by substantial evidence, the employer having knowledge on that date of evidence of lead absorption, its doctor having prescribed treatment and recommended a job change.

There remains the question as to timely filing, pursuant to section 40 of the Workmen's Compensation Law. The claim was not filed until 1951. The claimant, however, worked for the employer herein from 1933 to and beyond the date of disablement as established by the board. In its decision the board determined that the 12 months' limitation as to filing claims set forth in the section was inapplicable to the rights of the claimant as he continued in the employment of the self-insured employer from the date of contraction of the disease to the date of disablement, and the record substantiates such finding.

The board further found that the 90 days' limitation contained in the statute was inapplicable, the employer having furnished medical attention, treatment and care to the claimant and which, pursuant to section 28, constituted advance payment of compensation. Section 28, as pertinent, provides: "No case in which an advance payment is made to an employee or to his dependents in case of death shall be barred by the failure of the employee or his dependents to file a claim". (*Matter of Colangelo* v. *McCarey Co.*, 13 A D 2d 592; *Matter of Harley* v. *Walsh Constr. Co.*, 14 A D 2d 614, 618.)

In contending that there is no substantial evidence to support this aspect of the case, appellant would overlook the various medical tests, treatment and prescriptions by the employer's physician. We find this argument to be tenuous.

The decision of the board should be affirmed.

GIBSON, P. J., REYNOLDS, AULISI and HAMM, JJ., concur.

Decision affirmed, with costs to respondents filing briefs.